

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EARTHLINK, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NUMBER 1:04-cv-3142-TCB |
| KSTM, LLC, ) | |
| ) | |
| Defendant. ) | |

## FINAL ORDER, JUDGMENT, AND PERMANENT INJUNCTION

This matter is before the Court on Plaintiff's motion for default judgment.

Plaintiff filed this action on October 27, 2004, naming fifty "John Doe" Defendants, inasmuch as Plaintiff, at the time of filing, did not know Defendants' names and identities.

Plaintiff's complaint alleged violations of the CAN-SPAM Act, 15 U.S.C. § 7704(a)(1); the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962; the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; the Lanham Act, 15 U.S.C. § 1125(a & c); the Georgia

1

Racketeer Influenced and Corrupt Organizations Act, O.C.G.A. § 16-4-4; and the Georgia Computer Systems Protection act, O.C.G.A. § 16-9-90. Plaintiff also alleged that Defendants were liable in tort for trespass, unfair competition, deceptive trade practices, misappropriation of computer resources, and conversion.  Plaintiff also asserted a claim for unjust enrichment.  The complaint sought the recovery of actual damages, punitive damages, and attorneys' fees.

On November 14, 2005, Plaintiff filed its First Amended Complaint, naming the following seven Defendants: KSTM, LLC, a Nevada limited liability company; Tanya Bibeau, an individual resident of California; and five "John Doe" Defendants.

On December 19, 2005, KSTM was served with process, but it has failed to file an answer and therefore is in default.  On January 19, 2006, the clerk entered default as against this Defendant.

On June 20, 2006, Plaintiff dismissed its claims as against Defendant Bibeau.

On July 19, 2006, Plaintiff filed its motion for default judgment as against Defendant KSTM.  The motion came before the Court for hearing on August 31, 2006.  No appearance was made on behalf of KSTM, and

Plaintiff voluntarily dismissed its claims against the five John Doe Defendants.

After considering the entire record in the case, the evidence offered at the August 31, 2006, hearing, and the arguments of Plaintiff's counsel, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiff's Motion for Default Judgment [28] be and hereby is GRANTED, and that JUDGMENT be and hereby is entered against Defendant KSTM, LLC, as follows:

For violations of the CAN-SPAM Act ("the Act"), 15 U.S.C. § 7704(a)(1), relating to e-mail messages sent using false or misleading transmission information, Plaintiff is awarded $3,880,000 in statutory damages pursuant to § 7706(g)(3)(A)(i) as set forth in Plaintiff's motion for default judgment. The Court notes that § 7706(g)(3)(B) expressly excludes violations of § 7704(a)(1) from the otherwise-applicable $1,000,000 damage limitation in the Act.

Plaintiff has also shown both that KSTM's violation of the Act was knowing and willful and that its violations included one or more of the aggravated violations set out in § 7704(b) of the Act. Therefore, the Court further Orders that Plaintiff's statutory damages be trebled pursuant to § 7704(g)(3)(C). The Court also notes that Plaintiff's claims against KSTM

included a count under the Federal Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1964(c), and that Defendant's default on this count provides an alternative basis for the trebling of Plaintiff's statutory damages. Accordingly, Plaintiff is awarded treble damages in the amount of $11,640,000.

Plaintiff is also awarded $3,855.12 in attorney's fees pursuant to section 7706(g)(4) of the Act, which provides for the payment of the costs of the Internet service provider in bringing the action. Plaintiff is also awarded $776 in lost profits and damage to reputation arising out of KSTM's illegal campaign of spam e-mail directed against Plaintiff's computer and e-mail network.

The Court declines to award punitive damages.

Thus, judgment is hereby entered against Defendant KSTM, LLC in the total amount of $11,644,631.12.

IT IS FURTHER ORDERED that Defendant KSTM, LLC and its members, managers, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, shall be and hereby are PERMANENTLY ENJOINED under penalty of contempt from

engaging in "Prohibited Conduct" as that phrase is defined below until such time as this injunction may be modified by this Court:

### Scope of "Prohibited Conduct" and Other Definitions

1. "EarthLink" refers to EarthLink, Inc. and its agents, officers, contractors, directors, shareholders, employees, subsidiary companies or entities, affiliated or related companies and entities, assignees, and successors-in-interest.

2. "Defendant" refers to Defendant KSTM, LLC.

3. "EarthLink e-mail address" refers to any and all e-mail addresses maintained by, registered with, or maintained at or with facilities, resources, or equipment owned or operated by or on behalf of EarthLink. These include all e-mail addresses associated with a domain name composed in whole or in part by "EarthLink" or "MindSpring".

4. "Internet e-mail address" refers to any and all e-mail addresses on the Internet, including those maintained by, registered with, or maintained at or with facilities, resources, or equipment owned or operated by or on behalf of any Internet Services Provider ("ISP"). As used herein, the term "ISP" shall include all entities within the scope of "interactive computer service" ("ICS") as that term is defined in 47 U.S.C. § 230(e)(2)

and includes, but is not limited to, providers and sellers of Internet-related e-mail services.

5. "E-mail," "electronic message," and all similar terms shall be given the broadest possible construction herein. Each such term shall include, but is not limited to, e-mails and other such messages (including "Instant Messages" and the like) effected by use of, or with the assistance of, or via access to the resources, equipment, and/or computer system of any ISP.

6. "EarthLink subscriber" refers to any Internet user with an EarthLink e-mail address.

7. "Internet subscriber" refers to any Internet user with an Internet e-mail address.

8. "Prohibited Conduct" shall refer to the following categories of conduct, several of which are wholly-contained subsets of the afore-described blanket prohibition against Internet use/connectivity:

    a. Spamming and Co-Spamming. Causing, authorizing, participating in, or intentionally or recklessly assisting or enabling others in the sending of any commercial or promotional messages or solicitations (i.e. "Prohibited Messages") via e-mail to any EarthLink e-mail addresses

and/or to any other Internet e-mail addresses. "Spamming" and "Co-Spamming" shall also include the posting of any commercial or promotional messages to any newsgroup, bulletin boards, or the like, the intended subject of which is non-commercial and/or which is devoted to a topic unrelated to such postings.

   b. Spoofing and Co-Spoofing. Causing, authorizing, participating in, or intentionally or recklessly assisting or enabling others in the use of any false or misleading reference to:

    (i) any ICS, ISP, or Internet subscriber;

    (ii) any Internet e-mail address, domain, or domain owner;

    (iii) the equipment of that ISP, ICS, Internet subscriber, or domain owner; and/or

    (iv) that ICS's, ISP's, or Internet subscriber's computer system or resources

in any electronic message or in a newsgroup posting. The conduct prohibited by this paragraph includes, but is not limited to, the insertion of false or misleading originating e-mail addresses, return or reply e-mail

addresses, and/or the manual manipulation or falsification of any e-mail header.

      c. Cloaking, Co-Cloaking, and Relay. Causing, authorizing, participating in, or intentionally or recklessly assisting or enabling others in the modification, disguise, elimination, or erasure of the identification of the originating address and/or header of or for any commercial or promotional e-mail sent to an EarthLink subscriber or to an Internet subscriber, or otherwise aiding or assisting in any way the attempts of the sender of any commercial or promotional e-mail to an EarthLink or Internet subscriber to make impossible or more difficult the identification of the sender. Among the conduct expressly prohibited by this paragraph is any intentional use of "third-party relay" in relation to the sending of e-mail, as well as any access to or use of the computer resources of any ISP or Internet subscriber not related to or in privity of contract with the sender and/or the recipient of the relevant e-mail or electronic message.

      d. Software Distribution. The sale, offer, or other distribution of any e-mail-related software that does not include code (which code cannot be disabled by the user) the effect of which is to prevent

the user from using the software to send mass e-mails to any EarthLink or Internet subscriber or otherwise engaging in any Prohibited Conduct.

  e. Sale of E-Mail Addresses. The sale, offer, or other commercial distribution of any e-mail address or addresses of any EarthLink or Internet subscribers.

  f. Trade Libel. Causing, authorizing, communicating, or intentionally or recklessly assisting others in communicating defamatory verbal and electronic statements regarding EarthLink's or any other ISP's products, business goods and/or services.

  g. No EarthLink Accounts or Access. Signing-up for, establishing, or otherwise maintaining any EarthLink account or e-mail address, or otherwise accessing or using in any way the computer system, resources, servers, and/or equipment of EarthLink, even if such access or use would otherwise be legal.

  IT IS SO ORDERED this 31st day of August, 2006.

*[signature]*

Timothy C. Batten, Sr.
United States District Judge